## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT V. WONSCH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-21-00826-PRW |
| ) | |
| SCOTT CROW,[1] ) | |
| ) | |
| Respondent. ) | |

### ORDER

Petitioner Robert V. Wonsch, a state inmate appearing *pro se*, seeks habeas relief under 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Respondent filed a Motion to Dismiss the habeas petition as time-barred (Dkt. 21). On July 30, 2021, the Magistrate Judge issued a Report & Recommendation (Dkt. 28) also recommending that the petition be dismissed as time-barred. Petitioner timely filed Objections (Dkt. 29).

For the reasons discussed below, the Court overrules Petitioner's objections, **ADOPTS** the Magistrate Judge's Report & Recommendation, and **DISMISSES** the petition for habeas relief.

---

[1] Although Petitioner named the State of Oklahoma as the respondent in this case, the correct respondent is Scott Crow, Director of the Oklahoma Department of Corrections, because Petitioner is housed in a private correctional facility.

*Discussion*

The Antiterrorism & Effective Death Penalty Act of 1996 establishes a one-year limitations period for state prisoners to seek federal habeas relief.[2] This clock begins running at the latest of several alternative dates—as relevant here, either the date that the judgment became final or the date on which an illegal impediment preventing the filing of a habeas petition was removed.[3] Magistrate Judge Mitchell concluded that Petitioner had not identified an impediment within the meaning of 28 U.S.C. § 2244(d)(1)(b), so his one-year clock began to run on July 23, 2020—after the Oklahoma Court of Criminal Appeals affirmed his conviction and the ninety-day window to seek Supreme Court review expired—and his habeas petition was thus out of time when filed on August 19, 2021.

Petitioner now files two objections to this conclusion. First, Petitioner argues that the State of Oklahoma engaged in *Brady* violations by concealing and destroying material evidence. Second, Petitioner argues that the State of Oklahoma, by discriminating against him due to his poverty, created an illegal impediment that prevented Petitioner's filing of a habeas petition. The Court addresses each objection in turn.

*First*, Petitioner's objection on allegedly concealed and destroyed evidence in violation of *Brady v. Maryland* fails to provide the Court with any reason to overlook the untimeliness of his petition or equitably toll the statutory requirements.

---

[2] 28 U.S.C. § 2244(d)(1); *see also Holland v. Florida*, 560 U.S. 631, 635 (2010).

[3] *See* 28 U.S.C. §§ 2244(d)(1)(A)–(B).

It is not clear from the face of the objection to what end Petitioner presents this argument. To the extent that Petitioner seeks a determination on the merits, the Court declines to do so. The Magistrate Judge's Report & Recommendation correctly declined to reach the merits on any of Petitioner's claims since the habeas petition was filed out of time, and the Court will not ignore the clear untimeliness of a petition and consider merits simply because Petitioner alleged a cognizable *Brady* claim.[4]

To the extent that Petitioner believes any concealment or destruction qualifies as an "impediment" that would delay the start of the one-year clock pursuant to § 2244(d)(1)(B), he mistakes the function of the impediment provision. The impediment provision expressly allows tolling for state-created impediments that prevented or block a prisoner from filing a petition. But here, both the concealment and destruction allegations pertain to claims that were known by Petitioner by the conclusion of his trial. And at no point did the State prevent or block Petitioner from filing a habeas petition.

And to the extent that Petitioner believes the alleged concealment or destruction qualifies as a fundamental miscarriage of justice such that he might bypass § 2244's one-year limitation period, he is mistaken. Equitable tolling is appropriate "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control," such as "when a prisoner is actually

---

[4] *See, e.g.*, *Gonzales v. Beck*, 118 F. App'x 444, 444–47 (10th Cir. 2004). Unpublished Tenth Circuit opinions are cited for their persuasive value, pursuant to Tenth Circuit Rule 32.1(A).

innocent."[5] Yet equitable tolling is not available simply because a prisoner claims that he is actually innocent. Rather, he must present a "*colorable claim* of actual innocence" and "support his allegations . . . with new reliable evidence . . . that was not presented at trial."[6] Petitioner here offers no new evidence indicating he is actually innocent,[7] relying exclusively on the trial testimony of a law enforcement witness who testified that she "destroyed evidence vital to the defense."[8] Yet this very testimony was presented at Petitioner's trial, so—as Magistrate Judge Mitchell correctly observed—it fails the *Schlup* threshold requirement of "new" evidence. Furthermore, the Supreme Court has established that proof of "actual innocence means factual innocence, not mere legal insufficiency,"[9] and Petitioner's *Brady* claims present no affirmative evidence that demonstrates Petitioner is factually innocent.

In sum, regardless of what purpose the objection is presented for, Petitioner's objection pertaining to the alleged concealment or destruction of relevant evidence fails to undermine the Magistrate Judge's conclusion that Petitioner's claims are time-barred and not subject to equitable tolling.

---

[5] *Sandoval v. Jones*, 447 F. App'x 1, 5 (10th Cir. 2011) (citing *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010)). Unpublished Tenth Circuit opinions are cited for their persuasive value, pursuant to Tenth Circuit Rule 32.1(A).

[6] *Schlup v. Delo*, 513 U.S. 298, 322, 324 (1995) (emphasis in original).

[7] *See, e.g.*, *Gonzales*, 118 F. App'x at 447 (affirming dismissal of an untimely habeas petition where the prisoner presented no new evidence for his actual innocence claim). Unpublished Tenth Circuit opinions are cited for their persuasive value, pursuant to Tenth Circuit Rule 32.1(A).

[8] *See* Objections (Dkt. 29), at 3; *see also* Report & Recommendation (Dkt. 28), at 23–24.

[9] *Bousley v. United States*, 523 U.S. 614, 623 (1998).

*Second*, the objection that the State discriminated against Petitioner on the basis of his poverty, even if true, does not result in a state-created "illegal impediment" that delays the beginning of the one-year clock for habeas petitions.

Petitioner argues that the state court judge presiding over his case denied him the transcripts and files needed for this habeas petition, while simultaneously accusing the state court judge of ethical impropriety.[10] However, as the Magistrate Judge correctly noted, "[c]ourts have unanimously rejected the proposition that the absence of transcripts automatically triggers statutory tolling under § 2244(d)(1)(B),"[11] particularly where the prisoner "failed to explain why the documents held by the state were necessary to pursue his federal claim."[12] Petitioner did not need the transcripts or files in hand in order to seek post-conviction review of any alleged errors, as clearly demonstrated by both his initial attempt at state-level habeas review and the federal petition now before this Court. At no point did the State's denial of transcripts and files physically prevent Petitioner from filing his petition in the way that a § 2244(d)(1)(B) impediment must prevent or block the filing of a petition.

Thus, even if the state court erred in denying the transcripts and files and even if such a denial was improperly predicated on Petitioner's inability to pay, Petitioner did not

---

[10] *See* Objections (Dkt. 29), at 13 ("Had the Petitioner been wealthy this same judge would have SOLD him every document and file in that courthouse. Even if they had NO merit to his case or appeal.").

[11] *Heinemann v. Murphy*, 401 F. App'x 304, 309 (10th Cir. 2010). Unpublished Tenth Circuit opinions are cited for their persuasive value, pursuant to Tenth Circuit Rule 32.1(A).

[12] *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

suffer from a state-created impediment to seeking habeas relief such that the one-year clock imposed by § 2244 should be delayed past the point when his conviction became final.

*Conclusion*

Both of Petitioner's objections fail to identify any error in the Magistrate Judge's conclusions or any reason to consider Petitioner's time-barred habeas petition. After reviewing the remainder of Report & Recommendation de novo, the Court agrees that the Petitioner's Petition for a Writ of Habeas Corpus (Dkt. 1) should be dismissed as untimely for the reasons set forth by Magistrate Judge Mitchell.

On the same day he filed his habeas petition, Petitioner filed six other motions—four motions requesting evidentiary hearings on various issues and two motions seeking production of various records. But a habeas petitioner has no absolute right to either evidentiary hearing or discovery during habeas proceedings. Before holding an evidentiary hearing in habeas proceedings, "applicant must allege facts which, if proved, would entitle him to relief."[13] Similarly, a habeas petitioner may conduct discovery after showing "good cause," requiring demonstration that "if the facts are fully developed, [the petitioner is] entitled to relief."[14] Here, even if Petitioner proved all facts he alleges, he would still not be entitled to relief due to the untimeliness of his petition. Thus, since § 2244's limitation period bars Petitioner's habeas petition as a matter of law, he has no right to either the evidentiary hearings or discovery.

---

[13] *Church v. Sullivan*, 942 F.2d 1501, 1510 (10th Cir. 1991) (cleaned up).

[14] *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

Accordingly, the Court:

(1)     **ADOPTS** in full the Report & Recommendation (Dkt. 28) issued by Magistrate Judge Mitchell on January 21, 2022;

(2)     **GRANTS** Respondent's Motion to Dismiss Petition as Time-Barred (Dkt. 21);

(3)     **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1);

(4)     **DENIES AS MOOT** Petitioner's motions for evidentiary hearings and discovery (Dkts. 3–7, 10);

(5)     **DENIES AS MOOT** Respondent's alternative Motion to Dismiss Petition for Failure to Exhaust State Remedies (Dkt. 23); and

(6)     **DENIES** a certificate of appealability.[15]

**IT IS SO ORDERED** this 17th day of February 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[15] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a habeas petitioner. A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite standard is not met in this case.